Opinion of the Court.
THIS was an action of covenant, upon, articles of agreement between the plaintiff and defendant, whereby, after reciting that James Schee, the American consul to Genoa in Italy, had undertaken to dispose of the defendant’s patent Hemp and Flax Spinning Machine right, to certain states and territories in Europe, it was stipulated on the part of the plaintiff, that he would go with the said Schee, and conduct the business of *72 spinning and exhibiting the said machine ; and the defendant, on his part, agreed, in consequence of the above services rendered by the plaintiff, to pay his passage and expences going and returning to Kentucky, and pay him at the rate of thirty three and a third dollars per month, while he might be employed in such services, and while he was going and returning from Philadelphia, until he returns to Kentucky, except what time he should choose to tarry on his way, on his own account. The plaintiff, after setting forth the agreement in his declaration, alleges a performance of the services undertaken by him to be performed, and assigns as a breach of the covenant on the part of the defendant, his failure to pay the plaintiff’s passage and expences, and the price stipulated for his services. The defendant filed two pleas, one of which was held bad on demurrer ; but as the assignment of error does not question the correctness of the decision of the court on the demurrer, the plea need not be recited. By his other plea, the defendant denied that the plaintiff had performed the services by him undertaken to be performed ; and to that plea the plaintiff joined issue to the country. On the trial of the issue, the plaintiff offered to read in evidence a paper under the seal and signature of a notary public at Philadelphia, stating that the plaintiff was a native citizen of the United States of America, and requesting all governments, princes, potentates and powers, to suffer him to pass without molestation, &c. To the reading of this paper, the defendant objected ; but the court overruled the objection, and suffered it to be read, to show that the plaintiff had taken the preparatory steps for leaving the United States. The plaintiff then offered in evidence a paper signed by James Schee, the consul of the United States at Genoa, with the consular seal thereto attached, and written in a foreign language. To the admission of this paper as evidence, the defendant also objected; but the court overruled the objection, and permitted it to be used without being read ; for there was no person in court who could translate it accurately, though the court understood its purport, sufficiently to know that it was a passport from our consul at Genoa, to the plaintiff, to return to the United States, and so explained it to the jury, and directed *73 the jury that the paper was only to be evidence of the plaintiff’s having been at Genoa, and the time of his residence there, and not for any other purpose. To the opinions of the court, in admitting those papers as evidence, the defendant excepted ; and a verdict and judgment having been rendered against him, he has appealed to this court.
Statement of the case
*73 1. We cannot accord with the circuit court in the propriety of admitting either of those papers as evidence. They are both pretty much of the same character, and being liable to like objections, may well be considered together. They, no doubt, according to the usages of nations, were sufficient to entitle the bearer to that courtesy and respect which are due to a citizen of the United States from foreign governments, through whose states or territories he might pass. It was for that purpose alone they were given, and for no other purpose can they be legitimately used. They certainly cannot, we think, be used as evidence in a court of justice, for the purpose of proving facts, of the character they were admitted to prove in this case.
2. These facts, from their nature, were susceptible of being established by the testimony of witnesses, upon oath ; and it is a settled rule, that for the establishment of facts of this sort, the sanction of an oath is indispensable; and, of course, the ex parte statement or certificate of any one, not upon oath, whatever may be his character or station, cannot be admitted as evidence of the truth of such facts. A consul, by the law of nations, is, no doubt, possessed of high and extensive powers; but he is not, properly speaking, a judicial officer; and it is accordingly held, that his certificate is not only not entitled to the character of a judgment, but that it ought not to be admitted as evidence of the fact therein stated. — Philips’ Ev. 287, 301.
The judgment must be reversed with costs, and the cause be remanded, for new proceedings to be had, not inconsistent with the foregoing opinion.